UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEZIAN MCDANIEL,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE THOMAS
CARTER (tax # 925036), SERGEANT MONTGOMERY
SUMMA (tax # 923229), SERGEANT CHRISTOPHER
DALY (tax # 922204),

                                  Defendants.

**FIRST AMENDED COMPLAINT**

15 CV 6868 (PAE)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff alleges that the City of New York and three New York City Police Officers of the NYPD's Warrant Section violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him.  Plaintiff also asserts claims of malicious prosecution and vicarious liability under New York state law.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of malicious prosecution and

vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims brought under state law, a notice of claim was duly filed with the City of New York within 90 days of the dismissal of plaintiff's criminal case, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

7. This action is brought within one year and 90 days of the incident at issue in this case.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the NYPD.  The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.  The individual defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

11. On February 18, 2015, at approximately 11:45 a.m., plaintiff purchased a cup of coffee at the grocery store located next to his home at 67 Avenue D in Manhattan and returned to the front of his apartment building to drink the coffee.

12. At all relevant times, plaintiff was obeying the law and was not engaged in suspicious activity.

13. At the above time and place, Sergeants Montgomery Summa and Christopher Daly ("defendants") of the NYPD's Warrant Section approached plaintiff with their tasers in their hands, mistaking plaintiff for someone named Jonathan Jones who was wanted by the NYPD.

14. During the incident, the defendants did not ask plaintiff to identify himself or ask him whether he was Jones.

15. Without cause or provocation, and without identifying themselves as police officers, the defendants, acting in concert, tased plaintiff, threw him onto the ground, pressed their knees into his back, and placed him under arrest.

16. As a result of being tased, plaintiff suffered extreme pain and defecated in his pants.

17. The defendants refused to allow plaintiff to change his pants and underwear before taking him to the 9th Precinct for arrest processing.

18. While plaintiff was in police custody, he was taken to Mount Sinai Beth Israel Hospital for treatment for his pain and physical injuries.

19. While plaintiff was in police custody, the defendants, in an attempt to cover up their misconduct, fabricated a story that plaintiff had resisted arrest and was found in

possession of a gravity knife.  Defendants, acting in concert with Detective Thomas Carter of the Warrant Section, formally and falsely charged plaintiff with resisting arrest and possession of a weapon in the fourth degree, both misdemeanors.

20. Plaintiff was eventually taken to Manhattan Central Booking.

21. While plaintiff was incarcerated in Manhattan Central Booking, Detective Carter, with the approval of Sergeants Summa and Daly, acting in concert, misrepresented to the New York County District Attorney's Office that plaintiff had resisted arrest and was found in possession of a gravity knife.

22. In furtherance of having plaintiff prosecuted, Detective Carter, with the approval of Sergeants Summa and Daly, maliciously signed and swore to the accuracy of a criminal court complaint falsely charging plaintiff with resisting arrest and possession of a weapon in the fourth degree.

23. On February 19, 2015, plaintiff was arraigned in Manhattan Criminal Court and released on his own recognizance.

24. Plaintiff appeared in criminal court approximately twice after his arraignment.

25. On May 21, 2015, plaintiff appeared in criminal court, at which time the prosecutor dismissed all charges.

26. Defendants' illegal conduct caused plaintiff to suffer emotional distress, humiliation, embarrassment, substantial inconvenience, a loss of liberty, pain and physical injuries, and also to incur medical and ambulance expenses.

## FIRST CLAIM

### (§ 1983; FALSE ARREST)

(Against All Defendants)

27. Plaintiff repeats the foregoing allegations.

28. Defendants, acting under color of state law, arrested and imprisoned plaintiff without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

29. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

30. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

31. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (§ 1983; UNREASONABLE FORCE)

(Against All Defendants)

32. Plaintiff repeats the foregoing allegations.

33. Defendants, acting under color of state law, used force upon plaintiff which was objectively unreasonable in violation of § 1983 and the Fourth Amendment.

34. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

35. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; MALICIOUS PROSECUTION)

(Against All Defendants)

36. Plaintiff repeats the foregoing allegations.

37. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law and initiated a prosecution against plaintiff which terminated in plaintiff's favor.

38. Defendants' conduct violated § 1983 and the Fourth Amendment.

39. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

40. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (§ 1983; DENIAL OF A FAIR TRIAL)

(Against All Defendants)

41. Plaintiff repeats the foregoing allegations.

42. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law in violation of § 1983 and the Sixth Amendment.

43. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

44. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

45. Plaintiff repeats the foregoing allegations.

46. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

47. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

48. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION UNDER N.Y. STATE LAW)

(Against All Defendants)

49. Plaintiff repeats the foregoing allegations.

50. Defendants, acting within the scope of their employment as members of the NYPD, maliciously misrepresented to prosecutors that plaintiff had violated the law and initiated a prosecution against plaintiff which terminated in plaintiff's favor.

51. Because the individual defendants were acting within the scope of their employment when they maliciously prosecuted plaintiff, the City of New York is vicariously liable to plaintiff.

52. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

53. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

## (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

54. Plaintiff repeats the foregoing allegations.

55. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

56. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

57. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

58. Despite having the aforesaid knowledge, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate prior allegations of police misconduct made against the defendants and other officers and failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

59. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

60. The City's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

61. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: January 22, 2016

                                        __/s/_____
                                        RICHARD CARDINALE
                                        Attorney at Law
                                        26 Court Street, Suite # 1815
                                        Brooklyn, New York 11242
                                        (718) 624-9391